IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                                                        Cr. No. 08-757 JP

JERRY J. BARRERA,

       Defendant.

## MEMORANDUM OPINION AND ORDER

On July 22, 2008, Defendant Jerry J. Barrera filed Defendant's Objection to Presentence Investigation Report ("PSR") (Doc. No. 25). At a sentencing hearing on September 16, the Court ruled on two of the three objections made by Defendant. In the remaining objection, Defendant Barrera argues that a four-level increase in his offense level, based on section 2K2.1(b)(6) of the United States Sentencing Guidelines ("USSG"), should not have been applied in his PSR. He cites two Tenth Circuit cases, *United States v. Iiland*, 254 F.3d 1264 (10th Cir. 2001), and *United States v. McMahon*, 91 F.3d 1394 (10th Cir. 1996), interpreting 18 U.S.C. § 924(c), the statutory provision criminalizing possession of a firearm in furtherance of a drug trafficking activity. The Court finds that, under the facts of this case, the 2006 amendments to the commentary in the USSG support the four-level increase, as do Tenth Circuit cases interpreting both U.S.S.G. § 2K2.1(b)(6) and 18 U.S.C. § 924(c). Therefore, Defendant's objection to the four-level increase should be denied.

### Factual Background

Defendant Barrera has pled guilty to three counts: two for possession of a firearm by a convicted felon and one for possession of methamphetamine with intent to distribute. (Doc. No.

18.). Two counts stemmed from a traffic stop in Roswell, New Mexico on January 9, 2008. Prior to stopping the vehicle, police officers noticed that the front seat passenger was not wearing a seat belt. PSR ¶ 10. After the police turned on their emergency lights, the passenger "ducked down to the floorboard of the car," and "continued making movements" even once the car was stopped. *Id.* The police issued a citation to the passenger, Defendant Barrera. *Id.* ¶ 12. Then, an "officer noticed a clear plastic bag in plain view on the passenger side floor." *Id.* The officers obtained a search warrant and found a fully loaded handgun (a "Ruger, Blackhawk model .357 caliber six shot revolver") "under the front passenger's seat" as well as a "clear plastic bag" containing 28.4 grams of methamphetamine "on the passenger side of the car." *Id.* ¶ 13. Additionally, officers found "[a]n unloaded hi-caliber rifle type magazine" in the trunk of the car. *Id.* The third count, stemming from an arrest on February 4, 2008, (Doc. No. 18), is not subject to the U.S.S.G. § 2K2.1(b)(6) increase and is therefore not further considered here.[1]

### Analysis

"Generally speaking, we interpret the Sentencing Guidelines according to accepted rules of statutory construction. In interpreting a guideline, we look at the language in the guideline itself, as well as at the interpretative and explanatory commentary to the guideline provided by the Sentencing Commission." *United States v. Torres-Ruiz*, 387 F.3d 1179, 1181 (10th Cir. 2004) (citations and internal quotations omitted). "[C]ommentary in the Guidelines Manual that

---

[1] In justifying the increase, the PSR describes this incident in addition to the events of the January 9 arrest. PSR ¶ 29. In the February 4 arrest, officers found "a loaded Eibar .38 caliber six shot revolver ... under the front passenger seat," *id.*, and the third count charges Defendant Barrera, a convicted felon, for possession of that firearm, (Doc. No. 18). However, in that arrest, police only "discovered amphetamine/methamphetamine in a colored pill box and a folded piece of paper." PSR ¶ 29. As these circumstances do not imply possession of methamphetamine with intent to distribute and Defendant Barrera was not charged with such a crime as a result of the February 4 arrest, (*see* Doc. No. 18), the Eibar revolver was not possessed "in connection with another felony offense." Therefore, Defendant's possession of the Eibar should not be considered and, as will be seen, is not needed to support the four level increase.

interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Stinson v. United States*, 508 U.S. 36, 38 (1993).

The language of U.S.S.G. § 2K2.1(b)(6) has remained unchanged since 1991. *See* Amendments to the Sentencing Guidelines for United States Courts, 56 Fed. Reg. 22,762, 22,772 (May 16, 1991).[2] However, the commentary for that subsection was completely revised in the 2006 to "address[] a circuit conflict ..., specifically with respect to the use of a firearm 'in connection with' burglary and drug offenses." Sentencing Guidelines for United States Courts, 71 Fed. Reg. 28,063, 28,071 (May 15, 2006). The 2007 amendments to the USSG, effective on November 1, 2007, and the 2008 amendments, effective on November 1, 2008, make no substantive change in U.S.S.G. § 2K2.1(b)(6) or the related commentary. *See* Sentencing Guidelines for United States Courts, 72 Fed. Reg. 28,558 (May 21, 2007); Sentencing Guidelines for United States Courts, 73 Fed. Reg. 26,924 (May 19, 2008). As the offenses in this case occurred on January 9, 2008 and February 4, 2008, and Defendant will be sentenced after November 1, 2008, the revised commentary is applicable. U.S.S.G. § 1B1.11.

U.S.S.G. § 2K2.1(b)(6) provides for a four-level increase "[i]f the defendant used or *possessed* any firearm or ammunition *in connection with* another felony offense." U.S.S.G. § 2K2.1(b)(6) (emphasis added). The revised commentary states that subsection (b)(6) applies "if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense or another offense, respectively." U.S.S.G. § 2K2.1 n.14(A); *see also* 71 Fed. Reg. at 28,071 (noting adoption of language from *Smith v. United States*, 508 U.S. 223 (1993)). In particular,

---

[2] The 2006 amendments to the USSG renumbered subsection (b), moving the applicable provision from (b)(5) to (b)(6). Sentencing Guidelines for United States Courts, 71 Fed. Reg. 28,063, 28,071 (May 15, 2006). Thus, cases cited later in this opinion refer to (b)(5).

(b)(6) applies "in the case of a *drug trafficking offense in which a firearm is found in close proximity to drugs*, drug-manufacturing materials, or drug paraphernalia." *Id.* n.14(B)(ii) (emphasis added). The revised commentary explains that, in this circumstance, "application of subsection[] (b)(6) ... is warranted because the presence of the firearm has the potential of facilitating" another offense. *Id.* n.14(C).

The commentary closely matches the Tenth Circuit's interpretation of U.S.S.G. § 2K2.1(b)(6) prior to the 2006 amendments. The Tenth Circuit has "generally held that if the weapon facilitated or had the potential to facilitate the underlying felony, then enhancement under § 2K2.1(b)[(6)] is appropriate." *United States v. Bunner*, 134 F.3d 1000, 1006 (10th Cir. 1998) (citing *United States v. Gomez-Arrellano*, 5 F.3d 464, 466 (10th Cir. 1993)). Because "handguns are widely recognized as a tool of the drug dealer[']s trade," "a weapon's proximity to narcotics may be sufficient to provide the nexus necessary to enhance a defendant's sentence under § 2K2.1(b)[(6)]." *Id.* (citations omitted). In *Bunner*, police found "methamphetamine, items consistent with drug distribution, and various firearms including a loaded Smith and Wesson .357 magnum" in the defendant's bedroom. *Id.* The district court, in applying 2K2.1(b)(6), "considered the location of the .357 magnum, its character as a handgun, its availability for use and its proximity to the drugs and drug paraphernalia." *Id.* The Tenth Circuit held that, under those circumstances, the handgun "had, *at a minimum*, the potential to facilitate the drug trafficking offense," and therefore the four-level increase was appropriate. *Id.* (emphasis added). *See also United States v. Hawkins*, 189 F.3d 479, 1999 WL 682926, at *1-2 (10th Cir. 1999) (unpublished disposition) (increase appropriate where firearms, some loaded by defendant, were found in defendant's one room residence along with drugs, drug paraphernalia, and cash); *United States v. Walters*, 269 F.3d 1207, 1219 (10th Cir. 2001) (increase appropriate

where loaded handgun was found under front seat of stolen pickup truck); *United States v. Timbers*, 232 Fed. Appx. 820, 824 (10th Cir. 2007) (increase appropriate where two firearms, one loaded, were found in safe containing cash and near narcotics). Since the Tenth Circuit's interpretation of 2K2.1(b)(6) is close to that of the revised commentary, it can be inferred that the revised commentary is neither inconsistent with nor a clearly erroneous interpretation of 2K2.1(b)(6) and is therefore authoritative.

Under both the revised commentary and the Tenth Circuit's interpretation of 2K2.1(b)(6), a four-level increase is appropriate in this case. The question is whether the Ruger "facilitated or had the potential to facilitate" Defendant Barrera's possession of methamphetamine with intent to distribute. Under the revised commentary, there is "potential to facilitate" when "a firearm is found in close proximity to drugs;" here, the handgun was found under the front passenger seat, in close proximity to the clear plastic bag containing methamphetamine on the passenger side floor. The factors mentioned by the Tenth Circuit in *Bunner* also support the increase: the character of the Ruger as a handgun; its loaded state, its location near Defendant Barrera, and its resultant availability for use; and its proximity to the bag of methamphetamine.

However, Defendant Barrera argues that application of 2K2.1(b)(6) requires more than a "mere juxtaposition" of a gun and illegal drugs (Doc. 25). In support, he cites two Tenth Circuit cases interpreting 18 U.S.C. § 924(c): *United States v. Iiland*, 254 F.3d 1264 (10th Cir. 2001), and *United States v. McMahon*, 91 F.3d 1394 (10th Cir. 1996). The Tenth Circuit has "noted that judicial interpretations of 18 U.S.C. § 924(c) provide 'some guidance' in construing § 2K2.1(b)[(6)]'s 'in connection with' requirement." *Bunner*, 134 F.3d at 1006 (quoting *United States v. Gomez-Arrellano*, 5 F.3d 464, 466 (10th Cir. 1993)). However, the Tenth Circuit has "rejected [] any assertion that judicial precedent interpreting § 924(c) *controls* when a sentence

may be enhanced under § 2K2.1(b)[(6)]." *Id.* (citing *United States v. Sanders*, 990 F.2d 582, 585 (10th Cir. 1993)) (emphasis added).

In *McMahon*, the Tenth Circuit, following *Bailey v. United States*, 516 U.S. 137 (1995), overturned a conviction on the grounds that the term "use" in section 924(c) required "active employment" of a weapon. *McMahon*, 91 F.3d at 1396. However, *McMahon* does not apply to the issue here. The statutory term "use" considered in *McMahon* is more restrictive than the guideline, which provides for the enhancement if the weapon is "used *or possessed* ... in connection with another felony offense." Since "possession" is at issue here, the *McMahon* panel's interpretation of "use" is simply not relevant. *See Bunner*, 5 F.3d at 1006 n.5 (rejecting application of *Bailey* to sentencing enhancement for possession of a weapon).

In 1998, Congress amended section 924(c), additionally criminalizing "possess[ion] of a firearm" "in furtherance of" a violent or drug trafficking offense. Act of Nov. 13, 1998, Pub. L. 105-386 § 1(a)(1), 112 Stat. 3469, 3469 (1998). In *Iiland*, the second case cited by Defendant Barrera, the Tenth Circuit for the first time considered this amendment, reviewing the legislative history and its earlier opinions interpreting the previous version of section 924(c). *Iiland*, 254 F.3d at 1270-74. Because "[t]he legislative history of the 1998 amendments direct[ed] that the 'in furtherance' requirement for possession [be] an even higher standard" than that for use of a firearm "in relation to" an offense, the Circuit concluded that possession "in furtherance of" an offense required at least "some direct connection between the firearm and the [] offense." *Id.* at 1274. Under the facts in *Iiland*, where the defendant possessed a gun in his apartment and kept drugs in a "separate storage unit," there was no evidence of such a connection; as a result the Tenth Circuit reversed his conviction. *Id.*

A few months after deciding *Iiland*, the Tenth Circuit fleshed out its interpretation of

section 924(c). *United States v. Basham*, 268 F.3d 1199 (10th Cir. 2001). In *Basham*, the Tenth Circuit adopted a set of factors for determining whether a firearm was possessed "in furtherance of" a drug trafficking offense. *Id.* at 1207-08. As the Tenth Circuit expressed them, the factors include "the type of drug activity being conducted, the accessibility of the firearm, the type of firearm, the legal status of the firearm, whether the firearm is loaded, the proximity of the firearm to drugs or drug profits, and the time and circumstances under which the firearm is found." *Id.* at 1208. The *Basham* court reconciled its holding with *Iiland* by noting that in *Iiland* the government presented no evidence at all of a connection between the weapon and the drugs, while the *Basham* factors could provide circumstantial evidence of that connection. *Id.* Subsequently, the Tenth Circuit applied the *Basham* factors to the following circumstances:

> [The defendant] was involved in an attempt to manufacture methamphetamine; the firearm was a fully loaded and chambered high-powered rifle easily within reach; the firearm was in close proximity to drug paraphernalia; and [the defendant] struggled with [a state trooper] over a bag that may have contained a loaded weapon.

*United States v. Robinson*, 435 F.3d 1244, 1251 (10th Cir. 2006). In *Robinson*, the court stated that these circumstances provided "overwhelming" evidence that the rifle was possessed "in furtherance of" a drug trafficking offense. *Id. See also United States v. Lott*, 310 F.3d 1231, 1247-48 (10th Cir. 2002) (loaded handgun on driver's seat of vehicle containing methamphetamine production equipment); *United States v. Brooks*, 438 F.3d 1231, 1238 (10th Cir. 2006) (loaded handgun under pillow ten feet from methamphetamine laboratory). It should be noted that at least one of the *Basham* factors–the legal status of the firearm–was not needed to support this conclusion.

Under the *Basham* factors and the limitation that judicial interpretations of 18 U.S.C. § 924(c) offer only "some guidance" in applying U.S.S.G. § 2K2.1(b)(6), the four-level increase is

again appropriate in this case. First, the facts here are distinguishable from *Iiland*, where there was no physical proximity or relationship between the drugs and the weapon. Second, five of the *Basham* factors are present: the weapon was under the front passenger seat, accessible to Defendant Barrera; the weapon was a handgun, "widely recognized as a tool of the drug dealer's trade;" possession of the handgun by Defendant, a convicted felon, was illegal; the handgun was loaded; and it was in close proximity to the clear plastic bag of methamphetamine on the passenger side floor. Finally, although the PSR does not provide sufficient information to determine if the other two factors (the type of drug activity and the time and circumstances) support or oppose an upward adjustment, *see* PSR ¶¶ 10-13, *Robinson* makes clear that not all factors need be present. Given that five of the *Basham* factors are present and that *Iiland*, *Basham*, and *Robinson* merely guide application of 2K2.1(b)(6), the Court again finds that the four-level increase is appropriate.

**IT IS THEREFORE ORDERED** that:

Defendant's Objection to Presentence Investigation Report (Doc. No. 25), related to application of U.S.S.G. § 2K2.1(b)(6) and a resulting four-level increase, is DENIED.

_____
SENIOR UNITED STATES DISTRICT JUDGE